UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SABBY VOLATILITY WARRANT MASTER FUND LTD., <br><br> Plaintiff, <br><br> -v- <br><br> NOVABAY PHARMACEUTICALS, INC., <br><br> Defendant. | No.: 1:25-cv- <br><br> **COMPLAINT** |

Plaintiff Sabby Volatility Warrant Master Fund Ltd. ("Sabby"), by its attorneys, submits this Complaint against defendant Novabay Pharmaceuticals, Inc. ("Novabay," or the "Company"), and respectfully alleges as follows:

Introduction

1. Plaintiff brings this breach of contract action based on Novabay's refusal to honor a valid tender of Warrants following a sale of substantially all of Novabay's assets that gave right to a cash payment in excess of $1,200,000.

Parties

2. Plaintiff Sabby Volatility Warrant Master Fund Ltd. is a company formed under the laws of the Cayman Islands with its principal place of business in George Town, Cayman Islands.

3. Defendant Novabay is a Delaware corporation with its principal place of business in Emeryville, California. Defendant's shares of common stock trade under the symbol NBY.

Jurisdiction

4. This Court has subject matter jurisdiction over Plaintiff's claims in this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship as between

Plaintiff and Defendant and the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff is a citizen of the Cayman Islands, a foreign state, and Defendant is a citizen of Delaware and California.

Forum and Venue

5.  Defendant has consented to jurisdiction in New York. Pursuant to Section 5(e) of the Warrants, the parties have "irrevocably" submitted to the "exclusive jurisdiction of the state and federal courts sitting in the City of New York, Borough of Manhattan."

6.  Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and § 1391(c)(2).

Sabby's Investment in Novabay

7.  Sabby is the holder of three Common Stock Purchase Warrants denominated Series F-1, Series F-2 and Series F-3 (the "Warrants") issued by defendant Novabay on or about July 29, 2024. Each of the Warrants entitled Sabby to purchase 3,537,212 shares from Novabay at the exercise price of $1.10 per share, subject to certain adjustments. The Warrants have different expiration dates, some extending to 2029. Sabby purchased the Warrants in a public offering on July 26, 2024, pursuant to which Novabay raised approximately $3.75 million. Novabay used these funds to retire one or more outstanding Notes.

8.  The Warrants afford Sabby certain protections in the event that Novabay alters its business through a "Fundamental Transaction," such as a sale of its assets, a merger or business combination. In Section 3(d), the Warrants defines a Fundamental Transaction to include:

> If, at any time while this Warrant is outstanding, (i) the Company, directly or indirectly, in one or more related transactions effects any merger or consolidation of the Company with or into another Person, (ii) *the Company, directly or indirectly, effects any sale, lease, license, assignment, transfer, conveyance or other disposition of all or substantially all of its assets in one or a series of related transactions*, (iii) any, direct or indirect, purchase offer, tender offer or exchange offer (whether by the Company or another Person) is completed pursuant to which holders of Common Stock are permitted to sell, tender or exchange their shares for other securities, cash or property and has been accepted

by the holders of 50% or more of the outstanding Common Stock or greater than 50% of the voting power of the common equity of the Company, (iv) the Company, directly or indirectly, in one or more related transactions effects any reclassification, reorganization or recapitalization of the Common Stock or any compulsory share exchange pursuant to which the Common Stock is effectively converted into or exchanged for other securities, cash or property, or (v) the Company, directly or indirectly, in one or more related transactions consummates a stock or share purchase agreement or other business combination (including, without limitation, a reorganization, recapitalization, spin-off, merger or scheme of arrangement) with another Person or group of Persons whereby such other Person or group acquires more than 50% of the outstanding shares of Common Stock or greater than 50% of the voting power of the common equity of the Company (each a "<u>Fundamental Transaction</u>").

9. The Warrant provides that in the event of a "Fundamental Transaction," Novabay shall, at Sabby's option, "purchase this Warrant from [Sabby]." Section 3(d) further provides:

> Notwithstanding anything to the contrary, in the event of a Fundamental Transaction, the Company or any Successor Entity (as defined below) shall, at the Holder's option, exercisable at any time concurrently with, or within thirty (30) days after, the consummation of the Fundamental Transaction (or, if later, the date of the public announcement of the applicable Fundamental Transaction), purchase this Warrant from the Holder for the same type or form of consideration (and in the same proportion), as the Black Scholes Value of the unexercised portion of the Warrant, that is being offered and paid to the holders of Common Stock of the Company in connection with the Fundamental Transaction, whether that consideration be in the form of cash, stock or any combination thereof, or whether the holders of Common Stock are given the choice to receive from among alternative forms of consideration in connection with the Fundamental Transaction.

10. The calculation of Black Scholes Value is defined by the Warrants, which further provide: "The payment of the Black Scholes Value will be made by wire transfer of immediately available funds within five Business Days of the Holder's election (or, if later, on the effective date of the Fundamental Transaction)."

11. On January 23, 2025, Novabay announced by press release:

NovaBay Pharmaceuticals, Inc. (NYSE American: NBY) ("Novabay" or the "Company") announces the completion of the sale of its Avenova eyecare business and related assets to PRN Physician Recommended Nutriceuticals, LLC ("PRN") for $11.5 million (the "Asset Sale"). The Asset Sale, representing substantially all of the assets of the Company, was consummated pursuant to the

Asset Purchase Agreement dated September 19, 2024, as amended, which Novabay stockholders approved at the Special Meeting of Stockholders ("Special Meeting") reconvened on January 16, 2025.

The transaction qualified as a "Fundamental Transaction" under Section 5(e) of the Warrants.

<u>Novabay's Breach of the Warrant</u>

12. On or about January 23, 2025, Sabby exercised its option to exchange the Warrants for their Black Scholes Value, which was $1,229,580, due in cash or other consideration.

13. Novabay has taken the erroneous position that no sums are due and refused to pay.

14. Accordingly, Sabby is now entitled to damages in the aggregate amount of at least $1,229,580, plus interest and an award of attorneys fees.

**FIRST CAUSE OF ACTION**
**(Breach of Contract)**

15. Plaintiff repeats and re-alleges the allegations set forth in the foregoing paragraphs.

16. The Warrant is a binding enforceable contract.

17. Sabby has fully performed its obligations under the Warrant.

18. As set forth above, Novabay breached the Warrant by refusing to pay Sabby the cash equivalent of their Black Scholes Value in exchange for the Warrant.

19. As a direct, proximate and foreseeable result of Novabay's breach, Sabby has been damaged in an amount to be determined at trial, but estimated to exceed $1,200,000.

20. Under Section 5.9 of the SPA, Sabby is also entitled to recover its attorneys' fees.

5

**WHEREFORE**, Plaintiff respectfully requests judgment as follows:

a. On the first claim for relief, awarding Plaintiff damages in an amount estimated to be at least $1,200,000, plus interest and attorney fees.

b. Granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
March 5, 2025

OLSHAN FROME WOLOSKY LLP

By: /s/ *Thomas J. Fleming*
Thomas J. Fleming
1325 Avenue of the Americas
New York, New York 10019
(212) 451-2300

*Attorneys for Plaintiff*

12783604-3